UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS R. MCPEEK,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL; ALEX REYES, ACTING WARDEN;<br><br>Respondents. | 4:23-CV-04199-ECS<br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING RESPONDENTS' MOTION FOR JUDGMENT ON THE PLEADINGS, AND DISMISSING HABEAS PETITION |

On November 27, 2023, the petitioner, Travis R. McPeek ("McPeek"), an inmate at the Mike Durfee State Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition was referred to Magistrate Judge Veronica L. Duffy for a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and D.S.D. Civ. LR 72.1(A)(2)(b). Judge Duffy recommended this Court dismiss McPeek's petition with prejudice. Doc. 17 at 29. Because neither party objected to the R&R's factual and procedural background, this Court adopts and incorporates it by reference here, and proceeds to address McPeek's specific legal objections.

## I. Standard of Review

A district court reviews a report and recommendation under the standards provided in 28 U.S.C. § 636(b)(1), which states, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## II. Discussion

### A. Eighth Amendment Claim

McPeek was indicted on two counts of aggravated assault against a law enforcement officer. CR at 15.[1] The State also filed a Part II Information, alleging that McPeek was a habitual offender because he had four prior felony convictions. CR at 936; SDCL § 22-7-11. If proven, the Amended Part II Information increased McPeek's maximum possible punishment to life in prison. SDCL § 22-6-1(3); SDCL § 22-7-8.1. Following the jury's guilty verdict on both counts of the Indictment, McPeek pleaded guilty to an Amended Part II Information in exchange for the State agreeing to cap its sentencing recommendation at twenty-five years' imprisonment. See CR at 927–33, 936–37. Although the parties' argument did not bind the state court, it still imposed a 25-year sentence, in part because they "agreed to it." CR at 933, 950–51.

McPeek now claims that his 25-year sentence violates the Eighth Amendment's protection against cruel and unusual punishment. Doc. 1 at 5. He argues the sentence "is excessive and disproportional to the crime itself as well as in comparison to other similar cases." Id. The R&R concluded that McPeek's Eighth Amendment claim is procedurally defaulted and thus barred from review on its merits. McPeek objected to the R&R, arguing that his procedural

[1] This Court will cite to McPeek's earlier proceedings as follows:

- The record in McPeek's state-court criminal prosecution, South Dakota v. McPeek, 04CRI16-000050, will be cited as "CR";
- McPeek's direct appeal to the South Dakota Supreme Court will be cited as "Case No. 28464";
- McPeek's state habeas record will be cited as "HR"; and
- Citations to the CM/ECF record in the above captioned case will be cited as "Doc."

Each citation will also include a pincite to the relevant docket entry and page number, where applicable.

default should be excused because his appellate attorney was ineffective for not raising an Eighth Amendment argument on direct appeal. Doc. 20 at 1–4.[2]

In habeas corpus actions, federal courts cannot review a question of federal law decided by a state court if the state court's decision rests on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . . .

Id.; see also Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate . . . cause and actual prejudice." (cleaned up)). Because McPeek's claim is procedurally defaulted, he must excuse his procedural default by showing "cause" and "actual prejudice resulting from the alleged constitutional violation." Davila v. Davis, 582 U.S. 521, 528 (2017) (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)).

[2] The procedural history on this issue is convoluted. As the R&R and Respondents explain, McPeek's appellate attorney attacked the "reasonableness" of McPeek's sentence on direct appeal, but that argument was framed and argued in a manner most appropriately characterized as a Fourteenth Amendment due process claim. The state habeas court, however, misconstrued it as an Eighth Amendment claim and dismissed McPeek's Eighth Amendment based state habeas claim under the doctrine of res judicata for having been decided in a prior action. HR at 347. After reviewing the issue anew, this Court agrees with the R&R: the habeas court correctly found the Eighth Amendment claim barred by res judicata but for the wrong reasons. Doc. 17 at 18. Res judicata "disallows reconsidering an issue that was actually litigated or that *could have been raised and decided* in a prior action." LeGrand v. Weber, 855 N.W.2d 121, 129 (S.D. 2014) (emphasis added). Because Eighth Amendment claims should be brought on direct appeal in South Dakota courts, McPeek's failure to do so here procedurally defaulted his claim under the doctrine of res judicata.

To demonstrate good cause, the petitioner must ordinarily show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "A factor is external to the defense if it 'cannot fairly be attributed to' the [petitioner]." Davila, 582 U.S. at 528 (quoting Coleman, 501 U.S. at 753). A petitioner satisfies this standard by showing that the procedural default resulted from ineffective assistance of counsel at a stage of the proceedings where petitioner had a right to counsel under the Sixth Amendment. Murray, 477 U.S. at 488; Davila, 582 U.S. at 528 ("attorney error is an objective external factor providing cause . . . only if that error amounted to a deprivation of the constitutional right to counsel"). Put another way, "attorney error cannot establish cause to excuse procedural default unless it violates the Constitution." Shinn v. Ramirez, 596 U.S. 366, 380 (2022) (citing Martinez v. Ryan, 566 U.S. 1, 9 (2012)); see also Murray, 477 U.S. at 488 ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, we discern no inequity in requiring [the petitioner] to bear the risk of attorney error that results in a procedural default.").

Yet before a claim of ineffective assistance of appellate counsel may be presented to prove cause, the ineffective assistance claim must have first been presented to the state court as an independent claim. Murray, 477 U.S. at 488–89; Edwards v. Carpenter, 529 U.S. 446, 450–53 (2000); Clemons v. Luebbers, 381 F.3d 744, 752 (8th Cir. 2004); Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002); Tokar v. Bowersox, 198 F.3d 1039, 1051 n.13 (8th Cir. 1999) (noting "that ineffectiveness of appellate counsel may not be asserted as cause to excuse a procedural default unless the petitioner has first presented this argument as an independent Sixth Amendment claim to the state courts"). McPeek raises the ineffective assistance of appellate

counsel claim for the first time in his objections to the R&R. Doc. 20 at 3. To be sure, McPeek did raise ineffective assistance of counsel claims in his state habeas proceeding, but those claims were all limited to errors that allegedly occurred at trial, not on appeal. HR at 147–59. That is not enough to preserve his ineffective assistance of appellate counsel claim. See Williams, 311 F.3d at 897 (differentiating between petitioner preserving an ineffective assistance of appellate counsel claim but not a claim for ineffective assistance of trial counsel). Thus, McPeek may not now seek refuge through ineffective assistance of appellate counsel to excuse his procedural default.

Even if McPeek had preserved his ineffective assistance of appellate counsel claim, he cannot prove that appellate counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must establish (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that, but for counsel's deficient performance, there is a "reasonable probability that . . . the result of the proceeding would have been different." Stoke v. Armontrout, 851 F.2d 1085, 1092 (8th Cir. 1988) (quoting Strickland v. Washington, 466 U.S. 668, 691 (1984)); see also Williams, 311 F.3d at 897.

Here, even if this Court were to assume deficient performance, appellate counsel's failure to raise an Eighth Amendment claim on direct appeal did not prejudice McPeek; there is no reasonable probability that, but for the failure to raise an Eighth Amendment argument, the outcome of McPeek's direct appeal would have been different. "A defendant who is sentenced within the range agreed upon in the plea agreement is merely receiving what he bargained for in the agreement." United States v. Kling, 516 F.3d 702, 704 (8th Cir. 2008); see also United States v. Cook, 447 F.3d 1127, 1128 (8th Cir. 2006) ("[A] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on

appeal."); United States v. Nguyen, 46 F.3d 781, 783–84 (8th Cir. 1995). Because McPeek received a sentence within the range he agreed to, he fully benefited from his bargain and suffered no prejudice.

Moreover, McPeek's Eighth Amendment claim was unlikely to prevail on direct appeal. The South Dakota Supreme Court reviews non-capital Eighth Amendment sentencing claims under a grossly disproportionate standard. South Dakota v. Lanpher, 7 N.W.3d 308, 316 (S.D. 2024); South Dakota v. Garreau, 864 N.W.2d 771, 774 (S.D. 2015) ("when a defendant challenges a sentence on Eighth Amendment grounds, our review is conducted using the gross disproportionality standard"). This standard recognizes that the "Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are *grossly* disproportionate to the crime." Garreau, 864 N.W.2d at 774.

Under South Dakota's standard, McPeek's sentence is not grossly disproportionate to his crime. In South Dakota v. Lanpher, a case that mirrors McPeek's, the South Dakota Supreme Court held that "two concurrent life sentences for each count of aggravated assault on a law enforcement officer" were not grossly disproportionate. 7 N.W.3d at 314, 317. Like McPeek, the defendant in Lanpher was indicted on two counts of aggravated assault on a law enforcement officer and faced the same habitual offender enhancement. Id. at 313–14. But, unlike McPeek, the Lanpher defendant pleaded guilty in exchange for the government capping its sentencing recommendation at 75 years' imprisonment. Id. at 314. The state court, however, rejected the government's recommendation and imposed two concurrent life sentences. Id. Given the commonalities between McPeek's case and Lanpher, there is no reasonable probability that the outcome of McPeek's appeal would have been different and so he can show no actual prejudice.

Because McPeek cannot show prejudice under the Strickland standard, he cannot demonstrate ineffective assistance of counsel. Without showing ineffective assistance of counsel, he cannot establish cause to excuse his procedural default. Without excusing his procedural default, this Court cannot review the merits of his Eighth Amendment claim. Accordingly, McPeek's Eighth Amendment claim is dismissed as procedurally defaulted.

**B. Fourth Amendment and Ineffective Assistance of Trial Counsel**

McPeek argues that his Fourth Amendment right to be free from unlawful searches and seizures was violated when the state court denied his motion to suppress all evidence of the aggravated assault. Doc. 1 at 7–8. He contends that any evidence of any crime arising after Officer Young approached his vehicle should be suppressed under the exclusionary rule as evidence obtained either directly or indirectly from an unlawful search or seizure. Id. The R&R concluded that he did not have standing to exclude evidence under the Fourth Amendment. Doc. 17 at 21. This Court agrees.

The R&R determined that McPeek lacked Fourth Amendment standing because Officer Young did not obtain any tangible evidence or knowledge from his interaction with McPeek. Id. at 22; Stone v. Powell, 428 U.S. 465, 488 (1976) ("Standing to invoke the exclusionary rule has been found to exist only when the Government attempts to use illegally obtained evidence to incriminate the victim of the illegal search [or seizure]."). The R&R also explained how the evidence admitted at McPeek's trial was evidence of a new distinct crime and thus not subject to exclusion based on the Fourth Amendment violation McPeek alleges. Doc. 17 at 23; South Dakota v. Schumacher, 956 N.W.2d 427, 433 (S.D. 2021) (stating that the exclusionary rule does not apply to evidence of a new, distinct criminal act).

McPeek objected to the R&R's conclusion that he lacked standing to assert a Fourth Amendment violation because "nothing was taken." Doc. 20 at 8. He asserts that his freedom, right to self-defense, and constitutional rights were taken from him. Id. To be sure, McPeek has faced restrictions to his liberty since being convicted; that is the nature of incarceration. But Judge Duffy was not discussing McPeek's liberty interests when she said, "nothing was taken." She was explaining how Officer Young did not obtain any evidence through his interaction with McPeek. And without the State attempting to use "illegally obtained evidence to incriminate the victim of the illegal search [or seizure]," there can be no standing to invoke the exclusionary rule. Stone, 428 U.S. at 482–83. Therefore, McPeek's Fourth Amendment claim is dismissed for lack of standing.

It also appears that McPeek has misread the R&R to have applied the independent source doctrine. Doc. 20 at 4–5. For example, he argues in his objections that his assaultive conduct cannot be an independent source because it was not "a separate crime, but was self-defense." Id. The R&R, however, did not reference the independent source doctrine because it is inapplicable to the facts of McPeek's case. For the independent source doctrine to apply, evidence must have been obtained through an illegal search or seizure and that same evidence could have been, and in fact was, "acquired by lawful means." United States v. Baez, 983 F.3d 1029, 1037 (8th Cir. 2020); South Dakota v. O'Neal, 9 N.W.3d 728, 742 (S.D. 2024); Utah v. Strieff, 579 U.S. 232, 238 (2016). Because Officer Young obtained no evidence through a search or seizure—lawful or not—the independent source doctrine is irrelevant to McPeek's claim. For that reason, Judge Duffy did not include the independent source doctrine as part of her analysis.

Instead, Judge Duffy correctly concluded that the evidence admitted against McPeek at trial was evidence of a new crime distinct from any wrongful conduct Officer Young first sought

to investigate. "[A] defendant who reacts to an arrest, even if it is unlawful, by committing a new and distinct criminal act may not seek the remedy of exclusion." Schumacher, 956 N.W.2d at 433 (quoting South Dakota v. Willingham, 933 N.W.2d 619, 626 (S.D. 2019); United States v. Sledge, 460 F.3d 963, 966 (8th Cir. 2006) ("When a defendant commits a new and distinct crime during an unlawful detention, the Fourth Amendment's exclusionary rule does not bar evidence of the new crime." (quoting United States v. Hunt, 372 F.3d 1010, 1012 (8th Cir. 2004)). And to the extent that McPeek asserts that he did not commit a new crime because he was acting in self-defense, Doc. 20 at 5, that argument is waived. McPeek mentioned the theory of self-defense for the first time in his objections to the R&R. "A district court does not have to consider 'issues raised for the first time in objections to a magistrate judge's report and recommendation,' as parties are not permitted 'to raise new arguments or issues that were not presented to the magistrate.'" Von Evans v. Brittian, 22-CV-312, 2024 WL 219231, at *1 n.1 (E.D. Pa. Jan. 19, 2024) (quoting Townsend v. Gilmore, No. 15-1475, 2017 WL 1021561, at *2 (E.D. Pa. Mar. 15, 2017)) (reviewing magistrate judge's report and recommendation on a petition for writ of habeas corpus); United States v. Simeon, 115 F. Supp. 3d 981, 996 (N.D. Iowa 2015) (stating that absent compelling reasons, a party cannot raise new arguments or issues for the first time in objections to a magistrate judge's report and recommendation); Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).[3]

---

[3] See also United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998), superseded on other grounds, as recognized in United States v. Dowl, 956 F.3d 904, 908 (6th Cir. 2020); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (concluding that a district court need not consider an argument raised "for the first time in a party's objection to the magistrate judge's recommendation"); United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990–91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de

Lastly, McPeek's Fourth Amendment claim is not a cognizable issue for federal habeas relief. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 494; Withrow v. Williams, 507 U.S. 680, 682–83 (1993) (reaffirming that "federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search or seizure"). "[A] Fourth Amendment claim is Stone-barred, and thus unreviewable by a federal habeas court, unless" (1) "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim," or (2) "the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994).

Despite his contention to the contrary, Doc. 1 at 8, this Court is convinced that McPeek had a full and fair opportunity to raise and argue his suppression motion in state court. McPeek moved to suppress all evidence obtained in connection with the stop of his vehicle. CR at 31. The state trial court held an evidentiary hearing on his motion, which included testimony from Officer Young and another witness. Id. at 110, 257–301. The state trial court ultimately denied McPeek's motion because Officer Young did not seize or collect any evidence from him during their encounter. Id. at 298–99. McPeek also appealed the trial court's decision to the South Dakota Supreme Court. Id. at 457, 484. Although the South Dakota Supreme Court summarily

---

novo review by the judge of an argument never seasonably raised before the magistrate."); United States v. Pickens, No. 19-314, 2020 U.S. Dist. LEXIS 240703, at *12–13 (D. Minn. Dec. 22, 2020) (concluding a petitioner waives an issue by raising it for the first time in objections to a report and recommendation); Jones v. United States, Civ. No. 13-5008, 2016 U.S. Dist. LEXIS 41910, at *27–28 (D.S.D. Mar. 30, 2016) (noting that objections cannot raise arguments not previously presented).

affirmed the trial court, Case No. 28464 at 21, "[a] state appellate court's summary affirmance . . . that fails to discuss one or more of the issues raised is not by itself indicative of a breakdown in the state's review mechanism." Willett, 37 F.3d at 1273. As the record illustrates, McPeek received ample opportunity to litigate his Fourth Amendment claim fully and fairly. Accordingly, under Stone McPeek's Fourth Amendment claim is an improper vehicle for federal habeas relief.

### C. Ineffective Assistance of Trial Counsel

McPeek also argued that trial counsel was ineffective for not suppressing all evidence connected to his interaction with Officer Young. Doc. 1 at 7. The R&R recommended that this claim "be dismissed for want of subject matter jurisdiction," reasoning that McPeek could not have received ineffective assistance of counsel on an issue he lacked standing to litigate. Doc. 17 at 24. And McPeek did not object to the magistrate's recommendation on this specific issue. While he did object to the magistrate judge's conclusion on the Fourth Amendment standing issue, he did not object to the conclusion that a lack of standing on the Fourth Amendment claim necessarily precludes standing for an ineffective assistance of counsel claim premised on the same issue. Doc. 20 at 4–8. Having decided above that McPeek lacks standing to exclude evidence under the Fourth Amendment, this Court agrees that his ineffective assistance of counsel claim based on those same grounds must also fail. Doc. 17 at 24. Thus, McPeek's third habeas claim is also dismissed for want of subject matter jurisdiction.

### D. Change of Venue

McPeek argued that he was deprived a fair trial because the state court improperly denied his change-of-venue motion. Doc. 1 at 10. He claims a change of venue was necessary to ensure a fair trial for two reasons: (1) by nature of working together, Officer Young is friends with the

State's Attorney and the state trial court judge; and (2) Officer Young is a prominent figure in the community where the trial was held. Id. The Court addresses each argument in turn.

The R&R concluded that McPeek procedurally defaulted his first argument because he did not raise that discreet issue at any of his prior state court proceedings. Doc. 17 at 25. McPeek contends in his objections that he raised it in Part B of his Korth brief. HR at 147. But McPeek's Korth brief only addresses the issue indirectly through an ineffective assistance of counsel claim, not as an independent change-of-venue argument. Id. Because McPeek never presented this argument to the state trial court, the South Dakota Supreme Court, nor the state habeas court, his argument is procedurally defaulted.

McPeek, however, argues that his procedural default should be excused because it resulted from ineffective assistance of trial counsel. See Doc. 20 at 9. As this Court explained above, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate . . . cause and actual prejudice." Bousley, 523 U.S. at 622 (cleaned up). A petitioner may establish cause by showing that the procedural default resulted from ineffective assistance of counsel during a stage of the proceedings where the petitioner had a right to effective assistance of counsel under the Sixth Amendment. Murray, 477 U.S. at 488. To show ineffective assistance, the petitioner must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, there is a "reasonable probability" that the result of the proceeding would have been different. Stoke, 851 F.2d at 1092.

McPeek cannot show prejudice under the Strickland standard or the actual prejudice standard for setting aside a procedural default. McPeek appears to argue that Officer Young's friendly working relationship with the trial judge and State's Attorney required a change of

venue. HR at 147; Doc. 20 at 9. But a change of venue only relocates the trial; it does not replace the trial judge assigned to the case or the prosecuting attorney. HR at 347. If McPeek was worried about judicial or prosecutorial bias based on the victim's familiarity with the judge and prosecutor, he should have filed a motion for recusal—not seek a change of venue. Because a change-of-venue motion would not provide the relief he sought, McPeek cannot now claim to suffer prejudice from its denial.

McPeek's second argument is also unavailing. A federal court may not grant habeas relief under § 2254, unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 405–07 (2000). Here, McPeek argues that Officer Young's prominent status in the Bon Homme community necessitated a change of venue. Doc. 1 at 10. The R&R concluded that the state court's denial of McPeek's change-of-venue motion was not contrary to clearly established Federal law because Federal law does not require courts to adopt a prominent figure test. Doc. 17 at 26–29. Supreme Court precedent instructs courts to consider the probability of unfairness based on the totality of circumstances, which would inherently account for the victim's prominence within the community. Murphy v. Florida, 421 U.S. 794, 799 (1975). After reviewing the record, this Court cannot conclude that the state court's denial of McPeek's change-of-venue motion was contrary to clearly established Federal law. Accordingly, McPeek's change-of-venue argument cannot succeed.

## III. Conclusion

For the above reasons, it is hereby

ORDERED that the Report and Recommendation, Doc. 17, having been reviewed de novo, is adopted and that Petitioner Travis R. McPeek's Objections to the Report and Recommendation, Doc. 20, are overruled. It is further

ORDERED that Respondents' Motion for Judgment on the Pleadings, Doc. 8, is granted. It is further

ORDERED that Petitioner Travis R. McPeek's Petition for Writ of Habeas Corpus, Doc. 1, is dismissed with prejudice. It is finally

ORDERED that based on the reasons set forth above and under Fed. R. App. P. 22(b), the Court finds that the petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability is denied.

DATED this 26 day of December, 2024.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE